Document Number 0161  Case Number 07-C-0309-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
10/10/2007 12:22:38 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH VALENTINE AWE,

    Plaintiff,         ORDER

  v.             07-C-309-C

RGCI WARDEN JEFF ENDICOTT and
MS. GUNDERSON, Health Service Manager,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  This is a civil action in which plaintiff Kenneth Awe contends that defendants Jeff Endicott and Ms. Gunderson violated his rights under the Eighth Amendment and the Americans with Disabilities Act by refusing to allow him to use a handicapped shower stall while he was incarcerated at Redgranite Correctional Institution.

  Now before the court is a letter from plaintiff dated October 1, 2007 that I construe as a motion for immediate injunctive relief. In his motion, plaintiff asserts that he was retaliated against by Redgranite Correctional Institution staff when they took away legal documents relating to this case, terminated his legal loan privileges and denied him access to the law library .

1

As an initial matter, I note that plaintiff has not indicated that he sent a copy of his letter to Jennifer Sloan Lattis, counsel for defendants in the case. Therefore, I am enclosing a copy of the letter to her with a copy of this order. In the future, however, the court will not consider any paper plaintiff files in connection with this case that does not show clearly that a copy has been mailed to Ms. Lattis as required by Fed. R. Civ. P. 5.

To the extent that plaintiff is contending that prison officials are retaliating against him because he filed this lawsuit, it is the policy of this court to require motions for a preliminary injunction against such alleged retaliation to be presented in a lawsuit separate from the one which is alleged to have provoked it. This is to avoid the complication of issues that can result from an accumulation of claims in one action. The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. In this case, the only claim of retaliatory conduct that plaintiff has made that might arguably suggest that he is being physically prevented from prosecuting this case is the removal from his possession of his legal documents relating to this case. It is not reasonable to expect plaintiff to be able to prosecute his case or defend against a motion for summary judgment if he cannot refer to his file of the case. However, if the separation from his papers is only temporary, plaintiff may not be entitled to injunctive relief. Plaintiff does not explain in his motion how long he expects to be separated from his legal property. He says only that he has been "placed in

2

the hole." Many inmates housed in segregation have litigated lawsuits in this court without losing long term access to their legal papers. In the event that plaintiff's situation is unique, however, I will ask counsel for the defendants to look into the matter and submit a letter to the court explaining when plaintiff may expect to receive into his possession his legal papers pertaining to this case. Once I know more about plaintiff's particular situation, I will decide what action to take, if any, with respect to this portion of plaintiff's motion for a preliminary injunction.

With regard to plaintiff's assertions that he is being denied legal loan privileges and access to the law library, I cannot find that these matters constitute cause for finding that he is being prevented physically from pursuing this lawsuit. Plaintiff states that because his legal loan has been "terminated," it is difficult for him to obtain postage for mailing documents to the court (he traded his food for the stamp to mail the present motion) and staff in the mailroom returned at least one of his documents to him. Plaintiff further asserts that he is unable to use the law library "to address this lawsuit now in progress" and "to review the Federal Civil Lawsuit Procedures" cited in the August 24, 2007 preliminary pretrial conference order.

It is unclear how far prisons must go in helping prisoners litigate civil rights lawsuits. In <u>Bounds v. Smith</u>, 430 U.S. 817, 824-25 (1977), the Supreme Court held, "It is indisputable that indigent inmates must be provided at state expense with paper and pen to

3

draft legal documents with notarial services to authenticate them, and with stamps to mail them." Later decisions have elaborated on Bounds,

> [b]eing able to formulate abstract legal theories is insufficient to give access to the courts without the physical means of filing a complaint based on those theories. Necessary scribe materials include paper, some means of writing, staplers, access to notary services where required by procedural rules, and mailing materials. Of course, prisoners are not entitled to limitless supplies of such materials, merely to that amount minimally necessary to give them meaningful access to the courts.

Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir. 1995) (footnote omitted). Despite the suggestion in Bounds and Gentry that prisons have some affirmative duty to assist prisoners in securing minimally sufficient supplies to litigate their lawsuits, the Court of Appeals for the Seventh Circuit has held that prisoners have "no constitutional entitlement to subsidy" in prosecuting their civil lawsuits. Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002); see also Johnson v. Daley, 339 F.3d 582, 586 (7th Cir. 2003) (prisoners have no constitutional right to have their adversaries or public treasury defray all or part of cost of civil litigation). These latter holdings appear to be at odds with Bounds and Gentry.

Nevertheless, the very fact that plaintiff's current motion was posted and mailed to the court leads me to believe that plaintiff *is* able to communicate with this court despite limitations on his legal loan privileges and lack of ability to visit the law library. In any event, plaintiff does not explain the circumstances surrounding the termination of his legal

4

loan privileges or the restriction on his ability to visit the law library (although, again, I presume his segregation status would only temporarily interfere with his ability to come and go from the prison library).  Perhaps plaintiff has exhausted his legal loan funds or abused the legal loan privilege.  Perhaps there is some other legitimate reason prison officials are declining to advance him postage stamps.  Or perhaps prison officials are violating the state's legal loan rules under Wis. Admin. Code § DOC 310.  Whatever the situation is, plaintiff's quarrels with prison officials about his inability to obtain legal loans or visit the law library are matters that are not properly raised in the context of a motion for a preliminary injunction in this case.  Rather, plaintiff is free to challenge the prison's actions by filing a petition for a writ of certiorari in Wisconsin state court or file a new lawsuit in federal court at some future time if he can show that the state's failure to lend him postage money or allow him to visit the law library prevented him from prosecuting a legally meritorious action.

ORDER

IT IS ORDERED that a decision whether plaintiff Kenneth Awe is entitled to emergency injunctive relief is STAYED with respect to plaintiff's claim that he is being denied access to his legal papers in this case.  It is requested that no later than October 24, 2007, defense counsel advise the court in writing how long plaintiff may expect to remain separated from his papers so that the court can determine whether the separation is

5

physically preventing plaintiff from prosecuting this case.

Further, IT IS ORDERED that plaintiff's motion for a preliminary injunction is DENIED with respect to plaintiff's claims that he is being denied legal loan money and the ability to visit the prison's law library. Plaintiff is free to raise these issues in a lawsuit separate from this one at some future time.

Entered this 10th day of October, 2007.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge