IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH VALENTINE AWE,

                  Plaintiff,                      ORDER

         v.                               07-C-309-C

RGCI WARDEN JEFF ENDICOTT and
MS. GUNDERSON, Health Service Manager,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action, plaintiff contends that defendants are violating his rights under the Eighth Amendment and the American with Disabilities Act because they are refusing to allow him to use a shower with safety rails. After granting plaintiff leave to proceed in forma pauperis on July 9, 2007, I discovered that he had struck out in July of 2006, when the District Court for the Eastern District of Missouri dismissed as legally frivolous a lawsuit plaintiff filed in that district. Awe v. St. Louis Psychiatric Rehabilitation Center, 06-CV-664 (E.D. Mo. July 24, 2006). (Plaintiff had already earned two strikes in this court. Awe v. Grant County Jail Sheriff, 06-C-0034-C (W.D. Wis. Mar. 3, 2006) and Awe v. Grant County Jail, 06-C-162-C (W.D. Wis. May 1, 2006). Although it requires a stretch of near

1

colossal proportions to find that plaintiff should be permitted to continue to prosecute this action as a pauper under the exception to 28 U.S.C. § 1915(g), that is, to find that he is in imminent danger of serious physical injury, I will allow the case to proceed without requiring plaintiff to prepay the $350 filing fee.  I found in the July 9, 2007 order that plaintiff had alleged the bare minimum of facts necessary to put defendants on notice that he is accusing them of being aware that he faces a substantial risk of serious harm if he is not approved for a handicap shower, and that defendants are aware of the risk and nevertheless ignore it. Having made this finding, it would seem unreasonable to hold that he has failed to allege enough to qualify for the imminent danger exception to § 1915(g).  Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) (district courts should not apply "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury" under § 1915(g)).

On December 4, 2007, plaintiff Awe filed a motion for appointment of counsel.  In addition, he filed a motion for a preliminary injunction that is unaccompanied by proposed findings of fact and evidentiary materials to support it.  In response, defendants submitted a letter dated December 6, 2007, asking the court to allow them to address the matters raised in plaintiff's motion in the context of their motion for summary judgment, which they planned to file "shortly."  One week later, on December 13, 2007, defendants moved for summary judgment and supported the motion with proposed findings of fact and evidentiary

2

materials.   Plaintiff responded to the motion and the proposed findings of fact on December 18, 2007.  Defendants are due to file their reply brief within the next few days. Continuing the flurry of filings, on December 19, 2007, plaintiff filed a document titled "Request for Injunction Relief Supplement - Continuum."   In this document, plaintiff objects to defendants' request to address plaintiff's claims in the context of the motion for summary judgment.  I will address all of these matters below.

Plaintiff's motion for appointment of counsel will be denied.  First, plaintiff did not make a showing that he has made reasonable efforts to find a lawyer on his own and has been unsuccessful.  This is a prerequisite to seeking appointed counsel from the court. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  Second, even if plaintiff had submitted proof that he had tried to find a lawyer on his own and had failed, I would not appoint counsel to represent him.  Plaintiff has done an adequate job of litigating his case to this point.  His claim is simple:  according to plaintiff, he has a "deformed/missing vetabra" and because of this physical condition, he needs to use a handicap shower stall equipped with hand rails to prevent him from slipping and falling.  Both defendants and plaintiff have supplied documentation of plaintiff's medical history, including a radiology report dated August 14, 2006, describing plaintiff's physical condition.  Plaintiff's response to defendants' proposed findings of fact reveals that he understood and complied in large part with this court's Procedures to be Followed on Motions for Summary Judgment, which

3

had been sent to the parties earlier in this case.  Because plaintiff has competently represented himself thus far and because the parties have already addressed the merits of plaintiff's claims on defendants' motion for summary judgment, there is nothing more for a lawyer to do at this time.  If plaintiff's case survives defendants' motion for summary judgment, plaintiff is free to renew his motion for appointment of counsel.

Plaintiff's motion for a preliminary injunction will be denied also.  First, the motion does not comply with this court's Procedure to be Followed on Motions for Injunctive Relief, a copy of which is enclosed to plaintiff with this order for information purposes only.  In particular, it is not supported by proposed findings of fact and evidentiary materials that would support the findings required to obtain emergency injunctive relief.

Second, it would be a waste of the parties' time and the court's resources to ask the parties to develop the issues in connection with plaintiff's motion for a preliminary injunction when the parties have already supplied all the information necessary for a decision on the merits of plaintiff's case.

ORDER

IT IS ORDERED that

1.  Plaintiff's motion for appointment of counsel is DENIED without prejudice; and

2.  Plaintiff's motion for a preliminary injunction is DENIED.  This case will be

4

decided on its merits as soon as the court receives defendants' reply brief in further support

of their motion for summary judgment.

Entered this 26th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5