IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH VALENTINE AWE,

                                                  OPINION and ORDER

           Plaintiff,

                                                  07-cv-309-bbc

    v.

RGCI WARDEN JEFF ENDICOTT and
HOLLY GUNDERSON, Heath Service Manager,[1]

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action for declaratory and injunctive relief in which plaintiff Kenneth Awe contends that defendants Jeff Endicott and Holly Gunderson violated his rights under the Eighth Amendment and the Americans with Disabilities Act of 1990 by refusing to allow him to use a handicap shower stall while incarcerated at the Redgranite Correctional Institution.

Currently before the court is defendants' motion for summary judgment. Because plaintiff has failed to adduce sufficient evidence that defendants were deliberately indifferent

---

[1] In his complaint, plaintiff identified this defendant as "Ms. Gunderson." I have amended the caption to include defendant Gunderson's full name as identified in defendants' summary judgment materials.

1

to a serious medical need of his or that he has a "disability" under the ADA, I will grant defendants' summary judgment motion.

The undisputed facts set forth below are taken from defendants' proposed findings of fact and the evidence cited in those proposed findings. Plaintiff did not submit his own proposed findings of fact, an affidavit or any evidence to support his claim. He did submit a response contesting defendants' proposed findings of fact, but his response is not admissible evidence. A statement is not admissible on a motion for summary judgment unless it is sworn to be true under penalty of perjury. Collins v. Seeman, 462 F.3d 757, 760 n.1 (7th Cir. 2006); 28 U.S.C. § 1746. Ordinarily, sworn statements are made in affidavits; the proposed findings of fact are set forth in a document separate from the evidence. The requirements for properly opposing a motion for summary judgment are set forth in Federal Rule of Civil Procedure 56 and this court's Procedure to be Followed on Motions for Summary Judgment, which plaintiff received with the Preliminary Pretrial Conference Order, dkt. #13 (Aug. 24, 2007). Because plaintiff's responses to defendants' proposed findings of fact do not meet the standard for admissibility, I could not consider them as evidence.

UNDISPUTED FACTS

Plaintiff Kenneth Awe is a prisoner currently confined at the Redgranite Correctional Institution in Redgranite, Wisconsin. Defendant Jeffrey Endicott is the warden of

Redgranite Correctional Institution and has been the warden since December 2000. As the warden, Endicott is responsible for the overall administration and operation of the Redgranite Correctional Institution. Defendant Holly Gunderson was the Health Services Unit Manager at Redgranite Correctional Institution from January 2003 to May 2007.

On July 17, 2006, plaintiff was admitted to the Dodge Correctional Institution. During a physical examination on August 5, 2006, plaintiff disclosed that approximately one year earlier he had been involved in a motor vehicle accident in which he sustained a back injury. Although plaintiff was taking no medications, he complained of pain in his legs and a limp. In reliance on plaintiff's disclosure, Dr. Steliga ordered an x-ray for plaintiff's spine.

After plaintiff's physical examination, but before his spine was x-rayed, Steliga cleared plaintiff for "Any Activity - Subject is physically fit to perform any type work/recreation." Steliga also checked "NO" on plaintiff's medical report as to whether plaintiff had restricted mobility, whether he needed to be placed in a facility with an on-site health services unit and whether he had a chronic condition. However, on the basis of plaintiff's disclosure of a previous back injury, a nurse filled out a Medical Restrictions/Special Needs form, and the form stated that plaintiff was restricted to a lower bunk while he remained at the Dodge Correctional Institution.

On August 15, 2006, plaintiff's spine was x-rayed. The resulting radiology report stated that

3

> There is anterior wedging involving the superior end plate of L1 which appears to represent an old injury. There is loss of approximately 1/4 of the vertebral body height. The remaining vertebral body heights are maintained as are disc spaces. Pedicles, transverse processes and spinous processes are intact. <u>IMPRESSION:</u> Old mild compression of L1.

After considering the x-ray report, on September 1, 2006, Dr. Kaplan downgraded plaintiff's activity level from "Any Activity" to "Moderate Activity," which restricts a prisoner "from work involving heavy lifting over 50 pounds; tasks which demand prolonged physical exertion such as excessive running, climbing, walking or manual use of heavy machines." Otherwise, Kaplan expressed no disagreement with any of Steliga's previous conclusions. Neither Kaplan nor Steliga indicated that plaintiff was restricted in his ability to shower.

On September 6, 2006, plaintiff was transferred to the Redgranite Correctional Institution. Nurse Milock continued plaintiff's lower bunk restriction. On September 20, 2006, plaintiff filed a request with the Health Services Unit, asking that he be permitted to use the handicap shower stall. Defendant Gunderson responded by informing plaintiff that "[w]e do not decide who uses the handicapped shower on the unit." Defendant Gunderson noted in plaintiff's medical chart that there was no indication of physical limitations or restricted mobility for plaintiff and that his request to use the handicap shower stall was therefore denied.

On October 3, 2006, plaintiff was seen by Dr. Huibregtse in response to plaintiff's complaint of low back pain. Huibregtse's notes from his examination of plaintiff indicate

4

a recognition of plaintiff's back injury as documented by the August 2006 x-ray. Huibregtse further noted in plaintiff's medical chart that plaintiff denied having any numbness or tingling or shooting pains in his lower extremities but that plaintiff did occasionally get sharp pain in the L1 area of his back when he coughed or sneezed. Huibregtse prescribed no pain medications, unlimited activities using pain as a guide and no change in medical classification for plaintiff.

On March 16, 2007, plaintiff filed an inmate complaint, asserting that he had been denied use of the handicap shower despite having a medical condition that necessitated his use of a handrail while showering. On April 25, 2007, the complaint examiner recommended dismissal of plaintiff's complaint because no medical reason supported plaintiff's alleged need to use the handicap facilities. On April 27, 2007, defendant Endicott agreed with the recommendation and dismissed the complaint. Plaintiff appealed the dismissal, but the dismissal was upheld on May, 7, 2007 by Rick Raemisch.

Denial of plaintiff's complaint meant that plaintiff was expected to use the regular showers and drying/dressing areas on his housing unit, which was Unit E. The regular showers and drying/dressing areas on Unit E are constructed with slip-resistant flooring consisting of 2" by 2" ceramic tile with sanded group joints. The tiles, manufactured by Dal-Tile, are designed to be slip-resistant for use in shower floor areas.

OPINION

A. Eighth Amendment Claim

Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998), if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir.1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). However, "[not] every ache and pain or medically recognized condition involving some discomfort" warrants relief under the Eighth Amendment. Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir. 1997).

"Deliberate indifference" means that the officials were aware that the detainee needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir.1997). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); Snipes v. DeTella,

6

95 F.3d 586, 590-91 (7th Cir. 1996). Accordingly, neither incorrect diagnosis nor improper treatment resulting from negligence states an Eighth Amendment claim. Gutierrez, 111 F.3d at 1374.

In opposing defendants' motion for summary judgment, plaintiff has the burden to come forward with enough evidence to allow a reasonable jury to find in his favor. Borello v. Allison, 446 F.3d 742, 748 (7th Cir. 2006); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Plaintiff has offered no admissible evidence upon which a reasonable jury could find in his favor. Even if plaintiff's responses to defendants' findings of fact were admissible, they would be insufficient to show that plaintiff had a serious medical need to use the handicap shower.

The core issue is whether plaintiff's need to use the handrail in the handicap shower is a serious medical need. Plaintiff has adduced no evidence that he has had any trouble using the regular showers or that he ever slipped and fell in the regular showers. Moreover, none of the doctors who examined plaintiff required or recommended that plaintiff be allowed to use the handicap shower. Instead, the evidence shows that plaintiff was ambulatory without any noted difficulty or significant impairment and without the use of any assistive devices. Additionally, it would not be obvious to a lay person that plaintiff would need to use the handicap shower as opposed to using the regular showers, which have specifically designed slip-resistant flooring. Therefore, the evidence supports the conclusion

7

that plaintiff's need to use the handicap shower is not a serious medical need.

Plaintiff has failed to adduce enough evidence to raise any genuine issues of material fact concerning whether he had a serious medical need to use the handicap shower, and thus, I will grant defendants' motion for summary judgment on plaintiff's Eighth Amendment claim.

## B.  Americans with Disabilities Act Claim

Under the ADA "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity . . . ." 42 U.S.C. § 12132. State prisons are considered public entities under the ADA. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (citing 42 U.S.C. § 12131(1)(B)). To be a "qualified individual with a disability" an individual must have a "disability," 42 U.S.C. § 12131(2), and the term "disability" is defined under the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual[.]" 42 U.S.C. § 12102(2)(A). "Major life activities" are defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104.

"The term 'substantially limits,' like the other terms within the ADA, is 'interpreted

strictly to create a demanding standard for qualifying as disabled.'" Kupstas v. City of Greenwood, 398 F.3d 609, 612 (7th Cir. 2005) (quoting Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197 (2002)). In general, being "substantially limited" means that "a person must be 'either unable to perform a major life function, or [be] significantly restricted in the duration, manner, or condition under which the [person] can perform a particular major life activity, as compared to the average person in the general population.'" Peters v. City of Mauston, 311 F.3d 835, 843 (7th Cir. 2002) (alterations in original) (quoting Contreras v. Suncast Corp., 237 F.3d 756, 762 (7th Cir. 2001)).

Plaintiff adduced no evidence that his back injury substantially limits one or more of his major life activities, such as caring for himself or walking. Restriction to use of a bottom bunk is not a restriction on a major life activity. Although plaintiff's restrictions on lifting more than 50 pounds and excessive walking may restrict major life activities, those are not significant restrictions on working and walking in comparison to the duration and condition an average person can work or walk. Plaintiff has failed to provide any evidence from which a reasonable jury could find that plaintiff is substantially limited in one or more major life activities. Without such evidence, plaintiff does not meet the standard for an individual with a "disability" and he cannot prevail on his claim under the ADA.

9

ORDER

IT IS ORDERED that defendants Jeff Endicott's and Holly Gunderson's motion for summary judgment is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 5th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge