IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH VALENTINE AWE,

                Plaintiff,                            ORDER

        v.                                      07-C-309-C

RGCI WARDEN JEFF ENDICOTT and
MS. GUNDERSON, Health Service Manager,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on March 5, 2008, after I granted defendants' motion for summary judgment on plaintiff's claim that his rights under the Eighth Amendment and the Americans with Disabilities Act had been violated by defendants' refusal to permit him to use a handicap shower stall. Now plaintiff has filed a notice of appeal, which I construe to include a request for leave to proceed in forma pauperis on appeal.

      Unfortunately for plaintiff as he was advised in this court's order of December 26, 2007, he has incurred three strikes under 28 U.S.C. § 1915(g). See Awe v. Grant County Jail Sheriff, 06-cv-034-bbc (W.D. Wis. Mar. 3, 2006); Awe v. Grant County Jail, 06-cv-162-

1

bbc (W.D. Wis. May 1, 2006); and <u>Awe v. St. Louis Psychiatric Rehabilitation Center</u>, 06-cv-664 (E.D. Mo. July 24, 2006). Therefore, he is not eligible to seek pauper status on appeal unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In the December 26 order, I concluded that it was "a stretch of colossal proportions" to understand plaintiff's allegations regarding defendants' refusal to let him use a handicap shower as satisfying the imminent danger exception to § 1915(g). Nevertheless, I gave him the benefit of the doubt for two reasons. First, this suit was already underway by the time I discovered plaintiff's third strike. Second, it did not appear that plaintiff had deceived this court by filing his action and obtaining pauper status, because the Missouri district court's decision did not state expressly that plaintiff had earned a strike in that court. Now, having decided the merits of plaintiff's claims, I have found as fact that plaintiff does not have a serious medical need or a physical impairment that substantially limits one or more of his major life activities. In light of these findings, I cannot conclude that he is in imminent danger of serious physical injury. Therefore, he cannot take advantage of the initial partial payment provision of § 1915. He owes the $455 fee for filing an appeal in full immediately.

Plaintiff may delay payment of the full filing fee for two reasons only: 1) he can show that he is completely destitute; or 2) if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed

in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to deny plaintiff's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately.  Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to the court at the appropriate time.  Also, whether the court of appeals allows plaintiff to pay the fee in installments or agrees with this court that he owes it immediately, plaintiff's obligation to pay the $455 fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g) and the issues he intends to raise on appeal do not qualify for the imminent danger exception to § 1915(g).

Further, IT IS ORDERED that the clerk of court insure that plaintiff's obligation to

pay the $455 filing fee is reflected in this court's financial records.

Entered this 14th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4